ARCHIE G. KEIGAN vs. BOARD OF REGISTRATION IN MEDICINE.

Suffolk. January 7, 1987. — April 23, 1987.

Present: HENNESSEY, C.J., WILKINS, LIACOS, & ABRAMS, JJ.

*Physicians and Surgeons. Controlled Substances. Administrative Law*, Judicial review.

Where the Board of Registration in Medicine was clearly warranted in accepting a hearing officer's finding that a physician, in issuing prescriptions for controlled substances, had violated G. L. c. 94C and other statutes and regulations governing the practice of medicine, the board did not act arbitrarily or capriciously, or abuse its discretion, in rejecting various mitigating factors offered by the physician and in imposing on him a one-year suspension from the practice of medicine followed by a four-year probationary period. [721-723]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on April 23, 1986.

The case was reported by *Nolan*, J.

*Nicholas B. Soutter* (*Deborah Thaxter* with him) for the plaintiff.

*Suzanne E. Durrell*, Assistant Attorney General, for the defendant.

HENNESSEY, C.J. The plaintiff, Dr. Archie G. Keigan, appeals from an order of the Board of Registration in Medicine (board) suspending his license to practice medicine in the Commonwealth for one year and requiring that he enter into a probation agreement, acceptable to the board, to be in effect for four years thereafter. G. L. c. 112, § 64 (1984 ed.). The board adopted the findings of the hearing officer, who concluded that the plaintiff violated G. L. c. 94C governing controlled substances, G. L. c. 112, §§ 5 and 61, and regulations promulgated by the board. A single justice of this court stayed the execution of the board's order until final disposition of the appeal or until further order and reserved and

reported the case to the full bench of this court.[1] We affirm the decision of the board.

By an order to show cause dated December 8, 1981, the board alleged that the plaintiff had failed to adhere to good and accepted standards in the practice of medicine in violation of G. L. c. 94C, §§ 19 (a), 24 (a), and 32; G. L. c. 112, § 5 (b) and (h); G. L. c. 112, § 61; and 243 Code Mass. Regs. §§ 1.03 (5) (a) (2) and (11), and 2.06 (5) and (13) (1979).[2] The plaintiff filed an answer on June 11, 1982, denying these allegations. A hearing was held on December 9, 1985, before a hearing officer, during which the parties submitted a stipulation of facts. The hearing officer determined that between the dates of September 15 and October 28, 1980, the plaintiff issued prescriptions for six controlled substances to thirteen individuals for the purpose of treating their drug dependencies.[3] The plaintiff did not report the names and addresses of such drug dependent persons, or the name, dosage or strength per dosage unit of the controlled substances to the Commissioner of Mental Health for any of the prescriptions as required by G. L. c. 94C, § 24 (a). Furthermore, the hearing officer determined that the plaintiff failed to maintain medical records for any of the thirteen individuals adequate to enable the plaintiff

---

[1] The board argues that the single justice exceeded his authority under G. L. c. 112, § 64 (1984 ed.), in this instance when he granted a stay of execution of the board's order. As a result of our decision in this case, that issue is now moot. However, we note that the single justice made no findings and provided no reasons for entry of the stay. General Laws c. 112, § 64, provides that no interim stay of a board's order may be ordered by the court. However, we have construed that statute as permitting a stay to protect constitutional rights. In reviewing the record here we discern no credible showing that the plaintiff's constitutional rights were impaired, and thus there appears to be no valid basis for the stay. See *Gurry* v. *Board of Pub. Accountancy*, 394 Mass. 118, 128-130 (1985). We also think it is incumbent upon a single justice who orders a stay, in any case to which G. L. c. 112, § 64, is applicable, to make findings supportive of the stay.

[2] The last section, which was cited in the order to show cause, has since been renumbered as § 2.07 (5) and (13).

[3] The drugs included percodan, percobarb, dexedrine, percocet biphetamine, and quaaludes. Not all of the controlled substances were prescribed for each individual.

to provide proper diagnosis and treatment. Consequently, the hearing officer found violations of each of the statutory and regulatory provisions cited in the order to show cause. On April 3, 1986, the board accepted the findings of the hearing officer and the recommended sanction of a one-year suspension of the plaintiff's license and four years' probation thereafter, modified only to the extent that the probation agreement be acceptable to the board.

The plaintiff then filed with the board a motion for a rehearing, a motion for stay of execution pending appeal, a motion to stay the board's order, and a motion for reconsideration of the sanctions imposed. As grounds for the motion for reconsideration, the plaintiff argued that there "appears to be a shortage of doctors able to assume the care of his patients" and that "a one year suspension at age 66 is the equivalent to a 3 to 4 year suspension for a doctor half his age." These latter two arguments were the only ones presented to the board. On April 30, 1986, the board denied these motions after considering in detail the arguments advanced by the plaintiff. On appeal to a single justice of this court, the plaintiff reiterated his arguments before the board that the punishment and its implementation after over five years of delay were excessive, as well as arbitrary and capricious. He also presents an argument, first raised before the hearing officer, that the board consider the plaintiff's motivations in prescribing the drugs to the thirteen individuals which, he contends, were solely in the best interests of the patients.[4]

Each of the plaintiff's arguments is relevant only to the board's determination of the sanction to be imposed in this case. No persuasive argument can be made that there was not sufficient evidence on the record to find violations of the statutory and regulatory provisions cited above, particularly given the plaintiff's stipulation of fact before the hearing officer in

---

[4] The plaintiff testified before the hearing officer that he charged only $5 for each patient visit and thus argues that he did not prescribe the drugs to make a profit but solely to treat the drug dependencies of the patients. The hearing officer did determine that the plaintiff "issued all of the prescriptions to these individuals for the purpose of treating his or her drug dependency."

which he admitted all of the factual allegations contained in the order to show cause. Furthermore, after a review of the record, we have no doubt that the hearing officer and the board adequately considered the mitigating factors presented by the plaintiff.

While we have stated that suspension or revocation of a license to practice medicine is not designed to punish the physician involved, we have recognized that the Legislature through the board has provided for the imposition of sanctions "to protect the life, health and welfare of the people at large and to set up a plan whereby those who practice medicine will have the qualifications which will prevent, as far as possible, the evils which could result from ignorance or incompetency or a lack of honesty and integrity." *Levy* v. *Board of Registration & Discipline in Medicine*, 378 Mass. 519, 527-528 (1979), quoting *Matanky* v. *Medical Examiners*, 79 Cal. App. 3d 293, 306 (1978). *Arthurs* v. *Board of Registration in Medicine*, 383 Mass. 299, 317 (1981). The plaintiff argues, however, that the board failed to consider adequately the effect of the suspension on his patients,. many of whom are indigent or marginally indigent and for whom alternative medical service is not available. Thus, he contends that the board's action does not properly "protect the life, health and welfare of the people." The board considered this argument and concluded that "[i]f [it] were to base its sanction upon the physician's patients' financial circumstances, the Board would be endorsing a standard of medical practice based upon income rather than sound medical and legal principles." All patients, regardless of income level, have "the right to expect the highest degree of integrity from members of the medical profession." *Levy* v. *Board of Registration & Discipline in Medicine, supra* at 528, quoting Vodicka, Medical Discipline, 233 J.A.M.A. 1427 (1975). Consequently, we cannot conclude that the board's sanction in this case was arbitrary or capricious or an abuse of discretion in this regard. G. L. c. 30A, § 14 (1984 ed.).

With regard to the plaintiff's arguments concerning age and motivation, we likewise cannot conclude that the board's action was arbitrary or capricious or an abuse of discretion. The board

considered these arguments in determining the sanction to impose. In deciding the plaintiff's motion to reconsider, the board cited a number of cases in which similar violations resulted in the revocation of the physician's license. The board stated that the sanctions imposed in these cases demonstrate the "utmost seriousness" with which it treats all violations of G. L. c. 94C whether or not they result in criminal convictions. Given the facts of this case coupled with the arguments advanced here, we cannot say that the board's action was arbitrary or capricious or an abuse of discretion.

Finally, we must reiterate what we have said in the past. "It is 'well settled that in reviewing the penalty imposed by an administrative body which is duly constituted to announce and enforce such penalties, neither a trial court nor an appellate court is free to substitute its own discretion as to the matter; nor can the reviewing court interfere with the imposition of a penalty by an administrative tribunal because in the court's own evaluation of the circumstances the penalty appears to be too harsh.'" *Levy* v. *Board of Registration & Discipline in Medicine, supra* at 529, quoting *Brown* v. *Gordon,* 240 Cal. App. 2d 659, 667 (1966), and cases cited. Consequently, the stay of execution of the board's judgment is vacated and this action is remanded to the single justice for the entry of a judgment affirming the board's order suspending the plaintiff's license to practice medicine for one year with a four-year probation, acceptable to the board, thereafter.

*So ordered.*