Paul E. BETTENCOURT,
M.D., Plaintiff,

v.

BOARD OF REGISTRATION IN MEDICINE OF the COMMONWEALTH OF MASSACHUSETTS, et al., Defendants.

Civ. A. No. 89–0766–Mc.

United States District Court,
D. Massachusetts.

Sept. 20, 1989.

Lee J. Dunn, Jr. and Richard Mable, Powers & Hall, Boston, Mass., for plaintiff.

Richard M. Brunell and Carl Valvo, Asst. Attys. Gen., Boston, Mass., for defendants.

Anthony M. Doniger, Sugarman, Rogers, Barshak & Cohen, P.C., Boston, Mass., for Peter Clark.

## MEMORANDUM AND ORDER

McNAUGHT, District Judge.

This matter is before the Court on defendants' motions to dismiss. Plaintiff has opposed the motions, which are supported by briefs. Defendants' motion for stay of discovery pending resolution of their motions to dismiss had been allowed.

On January 4, 1989, defendant Board of Registration in Medicine revoked plaintiff's license to practice medicine in the Commonwealth of Massachusetts based upon its finding that plaintiff committed gross misconduct by sexually exploiting a patient in violation of Massachusetts law. Massachusetts General Laws c. 112, sections 5(c) and 61; 243 C.M.R. 1.03(5)(a)(3); 243 C.M.R. 1.03(5)(a)(18).

Plaintiff filed a petition for judicial review with the Supreme Judicial Court under Massachusetts General Laws c. 112, section 64. *Bettencourt v. Board of Registration in Medicine*, SJC No. 89–67 (February 2, 1989). In the petition for review, plaintiff asserted that the record did not adequately support the Board's finding that the testimony of the alleged victim was more credible than his own. He also claimed there were certain procedural errors committed by the Board, including its limitation of plaintiff's cross-examination of the Board's witnesses and the admission of irrelevant and prejudicial evidence. Plaintiff asserts that the Board was "biased" and had prejudged his case. (SJC Complaint, Paragraphs 20–33).

Bettencourt filed a motion for reconsideration to the Board, though the Supreme Judicial Court petition remains pending. This was based on the premise that plaintiff's credibility was greater than that of the alleged victim and that the penalty imposed was disproportionate to the offense in light of previous cases decided by the Board involving similar facts. The Board denied the motion.

Bettencourt now brings this civil rights action against the Board, its members and three members of the Board's staff in their official and individual capacities. He seeks a declaration from this Court that the manner in which the Board, its members and agents have applied Massachusetts laws and regulations involving the licensing and practice of medicine in the Commonwealth, {Massachusetts General Laws c. 112, sections 2–12R and 243 C.M.R. 1.00–2.08}, violates his federal constitutional and statutory rights. He further seeks injunctive relief to require the Board to vacate the revocation and return his license to him. He asks for money damages, both compensatory and punitive, and attorneys' fees.

The complaint alleges that defendants, acting under color of state law, deprived him of his equal protection and property rights without due process of law in violation of 42 U.S.C. section 1983 (Count I), conspired to deprive him of those rights and committed acts in furtherance of the conspiracy in violation of 42 U.S.C. section 1985(3) (Count II), and knew or should have known that their conduct would serve to deprive him of his rights (and neglected to prevent such deprivation) in violation of 42 U.S.C. section 1986 (Count III). Count V sets forth a claim for injunctive relief.

There are further allegations to the effect that the record of the adjudicatory hearing fails to support the Board's decision and that the Board committed numerous procedural errors, imposed strong sanctions against plaintiff because of his sexual preference in violation of his equal protection rights, and prejudged his case in order to satisfy a "quota" of physicians it expected would be subjected to discipline. The latter allegation arises from comments allegedly made by defendant Peter Clark, Chief of the Disciplinary Unit of the Board of Registration in Medicine, to that effect.

In our view, many of these allegations are the same or similar to those that were raised or should have been raised before the Supreme Judicial Court. Relevant case law suggests that these entities are competent to entertain plaintiff's constitutional grievances. *See Gurry v. Board of Public Accountancy,* 394 Mass. 118, 128–130; 474 N.E.2d 1085, 1090 (1985); *see also Keigan v. Board of Registration in Medicine,* 399 Mass. 719; 506 N.E.2d 866, 867–868, n. 1 (1987). Statutory authority to set aside or modify Board decisions based on constitutional considerations is conferred on the Supreme Judicial Court by Massachusetts General Laws, c. 30A, section 14(7). Additional evidence may be taken by the Supreme Judicial Court if there are alleged irregular activities in the proceedings before the agency not shown in the administrative record. Massachusetts General Laws, c. 30A, section 14(5).

■ Plaintiff's complaint should be, and is hereby, dismissed. First, appellate jurisdiction over Board decisions has been restricted by the Massachusetts legislature to the Supreme Judicial Court. Massachusetts General Laws, c. 112, section 64. A federal court has no jurisdiction to review a decision of a state administrative agency that is judicial in nature. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). The fact that plaintiff frames his claims in terms of statutory constitutional violations does not persuade us that the claims amount to anything more than an attempt by plaintiff to seek appellate re-

view. This Court cannot allow this civil rights action to be used in lieu of appellate review by the Supreme Judicial Court. *See Malachowski v. City of Keene,* 787 F.2d 704, 708 (1st Cir.1986); *Doe v. Pringle,* 550 F.2d 596 (10th Cir.1976). We conclude that we lack jurisdiction.

■ Plaintiff's pending appeal before the Supreme Judicial Court concerns important state interests, namely the regulation of the practice of medicine in the Commonwealth. Both the Board and the Supreme Judicial Court are competent to consider the constitutional issues raised in the complaint. Plaintiff had the opportunity to raise those issues before each. Under the circumstances, it becomes clear to us that absentention under *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) and *Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943) is called for. *See also Simopoulos v. Virginia State Board of Medicine,* 644 F.2d 321 (4th Cir.1981).

This Court's consideration of plaintiff's claims would serve to interfere with efforts by the Commonwealth to regulate the practice of medicine, a matter of important public concern. A federal ruling would further disrupt contemporary state proceedings which involve this license revocation issue. *See Guerro v. Mulhearn,* 498 F.2d 1249, 1253 (1st Cir.1974). If not requested to abstain by defendants, we should and would do so on a discretionary basis in the interests of comity and judicial economy. *Marcal Paper Mills, Inc. v. Ewing,* 790 F.2d 195, 198 (1st Cir.1986).

■ The plaintiff's claim against the Board is barred also by the Eleventh Amendment. The Board of Registration is a state agency and the Commonwealth of Massachusetts has not consented to be sued in federal court. The bar applies whether the relief sought is legal or equitable. *Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 100–101, 104 S.Ct. 900, 907–908, 79 L.Ed.2d 67 (1984). Insofar as he seeks damages from the Board members in their official capacities, plaintiff's suit in effect is a suit against the state and is also barred. *Hicks*

*v. Georgia State Board of Pharmacy*, 553 F.Supp. 314 (1982), citing *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974).

■ Finally, in their individual capacities, each of the defendants is entitled here to immunity. *Butz v. Economou*, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978). We find that the functions of the Board are sufficiently analogous to those of a judge and prosecutor to justify application of the protections of immunity to Board members, the prosecutorial staff and the Board's legal advisors. *See Haynesworth v. Miller*, 820 F.2d 1245 (D.C.Cir.1987). We further find that the conduct giving rise to the complaint involved performance by the defendants of their judicial or quasi-judicial functions.

Each of the defendants, acting in a judicial or quasi-judicial capacity, must be able to assert his own independent judgment on issues without fear of retaliatory lawsuits. Threats of such lawsuits are very real whenever a professional has his license revoked. The possibility of future litigation may serve to hamper the independent judgment of Board members as well as staff members whose functions are comparable to judges, prosecutors and others who perform judicial functions. This, in turn, could undermine the Commonwealth's interest in protecting the public health, welfare, and safety of its citizens through the regulation of the practice of medicine in this state. *See* Massachusetts General Laws, c. 112, section 5.

We therefore conclude that plaintiff's claim for damages does not lie against any of the named defendants. Plaintiff can redress his grievances on appeal.

Accordingly, defendants' motions to dismiss are hereby GRANTED.

SO ORDERED.