MINDY HOFFER *vs.* BOARD OF REGISTRATION IN MEDICINE.

Suffolk. November 7, 2011. - February 3, 2012.

Present: IRELAND, C.J., SPINA, CORDY, BOTSFORD, GANTS, DUFFLY, & LENK, JJ.

*Board of Registration in Medicine. Doctor,* License to practice medicine. *Due Process of Law,* Suspension of license to practice medicine. *Administrative Law,* Adjudicatory proceeding. *Practice, Civil,* Action in nature of certiorari.

This court concluded that an order of the Board of Registration in Medicine (board) denying the plaintiff's petition to stay the indefinite suspension of her medical license was not reviewable in the Superior Court pursuant to G. L. c. 30A, § 14 [453-456], or by the single justice under G. L. c. 112, § 64 [456]; however, the plaintiff could nonetheless obtain review before a single justice under the certiorari statute, G. L. c. 249, § 4, given that the board's proceeding on the petition was quasi judicial, no other reasonably available remedy was open to the plaintiff, and the alleged wrongful withholding of the plaintiff's reinstatement to her chosen profession constituted sufficient injury [456-458].

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on October 14, 2009.

The case was reported by *Spina,* J.

*Amy Spector,* Assistant Attorney General, for the defendant, submitted a brief.

LENK, J. In this case we are asked to consider whether an order of the Board of Registration in Medicine (board) denying the plaintiff's petition to stay the indefinite suspension of her medical license may be reviewed by a single justice of this court pursuant to G. L. c. 112, § 64, or whether the order must be reviewed in the Superior Court pursuant to G. L. c. 30A, § 14.[1] We conclude that neither statute applies, but that the

---

[1] A single justice reserved and reported two questions to the full court:

"(1) Is the board's decision dated September 16, 2009, denying Hoffer's petition to stay the suspension of her license to practice medicine, reviewable by the single justice under G. L. c. 112, § 64?"

"(2) If the answer to question (1) is in the negative, was the hearing on Hoffer's petition to stay the suspension of her license, which resulted

plaintiff may nonetheless obtain review before a single justice under the certiorari statute, G. L. c. 249, § 4.

*Background.* On August 10, 1992, the board issued a statement of allegations against the plaintiff, Mindy Hoffer, alleging that her ability to practice medicine had become impaired by "mental instability." See G. L. c. 112, § 5. On the same day, the board allowed a motion for summary suspension and issued an order temporarily suspending Hoffer's license to practice medicine. Although Hoffer contested this order, the order was upheld following a hearing before the chief administrative magistrate.

Hoffer decided subsequently to pursue a negotiated resolution with the board rather than to proceed to a final disciplinary hearing. Hoffer was represented by counsel when, on March 6, 1996, she stipulated to the substance of the board's allegations and to the continued suspension of her license. Pursuant to the stipulation, the suspension would be "stayed" on Hoffer's compliance with certain conditions, essentially requiring that she seek psychiatric treatment and submit to monitoring by the board.

On March 14, 2001, Hoffer entered into a "probation agreement" with the board permitting her to return to the practice of medicine, subject to conditions similar to those listed in the 1996 agreement. The probation agreement required that Hoffer's compliance with these conditions be monitored by Physician Health Services (PHS), a private organization.

Three years later, in February, 2004, PHS notified the board that Hoffer had ceased treatment with her psychiatrist, in violation of the probation agreement. In response to this violation, the board informed Hoffer that it would consider "whether to immediately suspend [Hoffer's] license to practice medicine, or to impose any lesser sanction." On March 3, 2004, the board "vacated the stay" on the suspension of Hoffer's license. Per this order, Hoffer had "the right to petition the board for a [further] stay of suspension" but "the board retain[ed] the discretion to deny the petition."

Hoffer did not challenge the March, 2004, order until Febru-

in the board's decision dated September 16, 2009, an adjudicatory proceeding that is reviewable under the exclusive jurisdiction of the Superior Court under G. L. c. 30A, § 14?"

ary, 2005, when she filed an action for damages against the board in the Superior Court. The board successfully opposed this complaint as untimely, and also as seeking the functional equivalent of review under G. L. c. 112, § 64,[2] a statute outside the subject matter jurisdiction of the Superior Court. In September, 2005, Hoffer filed a second petition for review of the board's 2004 order, this time in the county court. The single justice denied review as untimely, and Hoffer appealed to the full court. That appeal was stayed pending further proceedings before the board, but subsequently was dismissed as moot. *Hoffer* v. *Board of Registration in Med.*, 457 Mass. 1004 (2010).

During the period that Hoffer's appeal from the 2005 decision of the single justice was stayed, she filed two petitions with the board requesting that she be allowed to resume the practice of medicine. The first such petition was filed on June 21, 2007, and was deferred pending Hoffer's completion of a psychiatric evaluation and the receipt of certain documentation from PHS. The second such petition, filed in March, 2009, was denied by the board in an order issued on September 16, 2009.[3] It is the denial of this petition that Hoffer challenged before the single justice and that is the subject of this reservation and report. See note 1, *supra*.

*Discussion.* We are asked to determine the means by which Hoffer may seek judicial review of the board's most recent decision pertaining to her medical license, i.e., the denial of her March, 2009, petition to reinstate her license.

a. *Administrative Procedure Act.* The Massachusetts Administrative Procedure Act permits any person aggrieved by a "final decision of any agency in an adjudicatory proceeding" to seek judicial review of that decision. G. L. c. 30A, § 14 (§ 14). "Proceedings for judicial review of an agency decision [under § 14] shall be instituted in the [S]uperior [C]ourt." G. L. c. 30A, § 14 (1). Although § 14 establishes the default method for review of an agency adjudication, there are nonetheless circumstances in which § 14 will not avail a party aggrieved by an agency action.

---

[2]The board now maintains that this latter position was incorrect.

[3]The board stated as the basis for its denial that Hoffer had failed to comply with the conditions of the 2007 order, and had failed to otherwise demonstrate her fitness to practice medicine.

As relevant here, a plaintiff may rely on § 14 only where the challenged agency action is the result of an "adjudicatory proceeding." G. L. c. 30A, § 14. An "[a]djudicatory proceeding," in turn, is "a proceeding before an agency in which the legal rights, duties or privileges of specifically named persons are required by constitutional right or by any provision of the General Laws to be determined after opportunity for an agency hearing." G. L. c. 30A, § 1. We are aware of no statute that would have required the board to grant Hoffer a hearing on her petition for reinstatement.

Further, Hoffer did not have a constitutional right to a hearing on her petition for the reinstatement of her license to practice medicine. In reaching this conclusion, we need not determine whether Hoffer had a constitutional liberty or property interest in her suspended license to practice medicine. We need determine only whether, by the terms of the board's 2004 order,[4] any expectation Hoffer had in the restoration of her medical license to active status was sufficiently certain to constitute "a legitimate claim of entitlement." See *Regents of State Colleges* v. *Roth*, 408 U.S. 564, 577 (1972).

The due process clause of the Fourteenth Amendment to the United States Constitution protects against deprivations of interests in "life, liberty or property, without due process of law."[5] "Procedural due process protections," such as the right to a hearing, "are only triggered when a liberty or property interest is at issue." *Hudson* v. *Commissioner of Correction*, 431 Mass. 1, 7 (2000). The mere "expectanc[y]" or hope of a future benefit is neither sufficiently certain nor sufficiently material to constitute a property interest under the Fourteenth Amendment.[6] See *Spath* v. *National Collegiate Athletic Ass'n*, 728 F.2d 25, 29 (1st Cir. 1984), citing *Regents of State Colleges* v. *Roth, supra.* Accord-

---

[4]The 2004 order was not timely challenged and its validity is not at issue before us.

[5]"[W]e have treated the procedural due process protections of the Massachusetts and United States Constitutions identically." *Liability Investigative Fund Effort, Inc.* v. *Massachusetts Med. Professional Ins. Ass'n*, 418 Mass. 436, 443 (1994).

[6]Analysis under the liberty component of the clause has generally been confined to the rationality of professional regulations, rather than the application of such regulations to individual licensees. See, e.g., *Massachusetts Med. Soc'y* v. *Dukakis*, 815 F.2d 790, 796-797 (1st Cir.), cert. denied, 484 U.S. 896 (1987).

ingly, the government's decision to deny a person a future benefit that "is discretionary . . . or is conditioned on . . . complex or subjective criteria" will not normally implicate procedural due process. See *Welch* v. *Paicos*, 66 F. Supp. 2d 138, 165 (D. Mass. 1999); *Roslindale Motor Sales, Inc.* v. *Police Comm'r of Boston*, 405 Mass. 79, 83 (1989).

Here, by the terms of the 2004 order, Hoffer could petition the board for "a stay of suspension," but the board "retain[ed] the discretion to deny the petition or to accept the petition under such terms and conditions as the Board may order." The 2004 order itself included no limitations on the board's discretion. In this respect, the language of the 2004 order tracked the text of 243 Code Mass. Regs. § 1.05(3)(b) (1995) as it pertains to the reinstatement of revoked medical licenses, which is also entrusted to the "[b]oard's discretion."

In exercising this discretion, the board is required to determine whether reinstatement "would advance the public interest." 243 Code Mass. Regs. § 1.05(4) (1995). This inquiry requires the exercise of the board's professional expertise and judgment in "weighing and balancing a wide range of considerations peculiar to the petitioner in light of the public interest." *Haran* v. *Board of Registration in Med.*, 398 Mass. 571, 579 (1986). See *Sugarman* v. *Board of Registration in Med.*, 422 Mass. 338, 347-348 (1996) (noting that appropriate nature and term of sanction is matter of board expertise). Such discretion stands in contrast to the largely ministerial function performed by those agencies that administer benefits in which applicants have been found to have a property interest. Compare *Madera* v. *Secretary of the Executive Office of Communities & Dev.*, 418 Mass. 452, 460 (1994) (finding property interest in housing benefit required to be "allocated essentially on a first-come, first-served basis"), with *Roslindale Motor Sales, Inc.* v. *Police Comm'r of Boston*, *supra* (no entitlement to license to sell used motor vehicles). See *Welch* v. *Paicos*, *supra* (distinguishing discretionary licensing from benefits granted under "easily judged criteria").

In light of the discretionary nature of the board's determination, we cannot conclude that Hoffer had a sufficiently certain expectancy in the reinstatement of her medical license that the denial of her petition constituted a deprivation of a constitution-

ally protected property interest. Accordingly, Hoffer did not have a constitutional right to a hearing on her petition for reinstatement. Because Hoffer had neither a statutory nor a constitutional right to a hearing on her petition for reinstatement, the board's order was not the result of an "adjudicatory proceeding." Therefore, Hoffer may not rely on G. L. c. 30A, § 14, to obtain review of that order.

b. *Professional licensing act.* Hoffer's reliance on G. L. c. 112, § 64, to obtain such review is also misplaced. That statute provides that this court, "upon petition of a person whose certificate, registration, license or authority has been suspended, revoked or cancelled, may enter a decree revising or reversing the decision of the board." G. L. c. 112, § 64. Here, the challenged 2004 order did not "suspend[], revoke[] or cancel[]" Hoffer's license to practice medicine. Hoffer's license had already been suspended, and the order issued by the board is therefore more analogous to an order denying reinstatement of a revoked license than an order suspending, revoking, or canceling a license. See Part a, *supra.* Accordingly, the board's action does not implicate the plain and unambiguous language of G. L. c. 112, § 64. See, e.g., Schiff *vs.* Board of Registration in Med., No. SJ-2004-0269 (Oct. 4, 2004); Il Kim *vs.* Board of Registration in Med., No. SJ-95-0428 (May 5, 1997).

c. *Certiorari.* Our conclusion does not mean, however, that Hoffer is without a judicial remedy. The certiorari statute provides an avenue for aggrieved parties to "correct errors in [quasi judicial administrative] proceedings . . . which . . . are not otherwise reviewable by motion or by appeal." G. L. c. 249, § 4. To survive a motion to dismiss, a plaintiff relying on the certiorari statute must sufficiently allege "(1) a judicial or quasi judicial proceeding, (2) from which there is no other reasonably adequate remedy, and (3) a substantial injury or injustice arising from the proceeding under review." *Indeck* v. *Clients' Sec. Bd.,* 450 Mass. 379, 385 (2008) (*Indeck*), and cases cited. We conclude that Hoffer's claim meets this standard.

We first consider whether the agency proceeding on Hoffer's petition was quasi judicial. We have classified the exercise of an agency's discretion to award benefits into two broad categories: quasi judicial proceedings on the one hand, and purely administra-

tive actions on the other.[7] In the latter category are actions that are legislative or "political in nature," *Warren* v. *Hazardous Waste Facility Site Safety Council*, 392 Mass. 107, 117 (1984), and decisions that are purely administrative. See, e.g., *Reidy* v. *Acting Director of Civil Serv.*, 354 Mass. 760 (1968) (civil service hiring and appointment).

In classifying an agency proceeding as quasi judicial, we have looked to the form of the proceeding reasonably employed by the agency, and the extent to which that proceeding resembles judicial action. See *School Comm. of Hudson* v. *Board of Educ.*, 448 Mass. 565, 576 (2007) (*School Comm. of Hudson*), and cases cited. Here, the proceeding did not involve "unsworn statements by interested persons advocating or disapproving [a] proposed new policy." *Id.*, quoting *Pronghorn, Inc.* v. *Licensing Bd. of Peabody*, 13 Mass. App. Ct. 70, 73 (1982) (*Pronghorn*). Rather, it required adversary presentation of opposing pleadings "followed by the adoption of formal findings of fact." *School Comm. of Hudson, supra*, quoting *Pronghorn, supra*. Further, although the proceeding was not "preceded by specific charges," it did relate to an individualized course of discipline. *School Comm. of Hudson, supra*. Accordingly, regardless whether Hoffer would have been entitled to an adjudicatory hearing on her petition for reinstatement, the procedures adopted by the board in dealing with the petition qualify as quasi judicial.

Hoffer's claim also meets the second prong of the *Indeck* test, in that no other reasonably available remedy is open to her. As discussed, *supra*, neither G. L. c. 30A, § 14, nor G. L. c. 112, § 64, provides an alternate remedy here.

Finally, we treat the wrongful withholding of Hoffer's reinstatement to her chosen profession as sufficient injury under the third prong of the *Indeck* test.[8] Cf. *Indeck, supra* at 386 (plaintiff unable to show justiciable injury where agency statutorily

---

[7]Although the agency does not contest the quasi judicial nature of its action, the question implicates the subject matter jurisdiction of the court on remand, see *Debnam* v. *Belmont*, 388 Mass. 632, 634 (1983), and is therefore properly addressed.

[8]The injury requirement has been interpreted as requiring (1) a justiciable injury, (2) that is particular to the plaintiffs rather than common to the public or a segment thereof, and (3) that is more than "hypothetical." *Fiske* v. *Selectmen of Hopkinton*, 354 Mass. 269, 271 (1968).

entitled to reject claim for reasons "unrelated to the merits of any particular claim").

Accordingly, we conclude that Hoffer may seek review of the board's decision denying her petition for reinstatement of her license to practice medicine by filing an action seeking a writ of certiorari. See G. L. c. 249, § 4.[9]

*Conclusion.* We answer the first reported question, "No." We answer the second reported question, "No." This matter is remanded to the county court for further proceedings, consistent with this opinion, as appropriate.

*So ordered.*

---

[9]To facilitate any such proceeding, we note that the proper standard of review under the certiorari statute is flexible and case specific, but that, as with review under G. L. c. 30A, § 14, the disposition must ultimately turn on whether the agency's decision was arbitrary and capricious, unsupported by substantial evidence, or otherwise an error of law. See *Danger Records, Inc.* v. *Berger*, 444 Mass. 1, 11-12 (2005); *Chandler* v. *County Comm'rs of Nantucket County*, 437 Mass. 430, 434 (2002).