NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12120

JOAN E. OGGIANI  vs.  CHIEF JUSTICE OF THE TRIAL COURT & others.[1]


January 6, 2017.


Supreme Judicial Court, Superintendence of inferior courts,
     Removal of register of probate.


     Joan E. Oggiani appeals from a judgment of the county court
denying her petition for relief under G. L. c. 211, § 3, from a
decision of the register of the Berkshire Division of the
Probate and Family Court Department of the Trial Court, with the
approval of the Chief Justice of the Probate and Family Court,
removing her designation as deputy assistant register pursuant
to G. L. c. 217, § 29D.[2]  We affirm the judgment.

     Oggiani, who has been an employee of the Berkshire Division
of the Probate and Family Court since 1980, was designated as
the deputy assistant register when that position was created in
1993.  As deputy assistant register, she had certain
responsibilities in addition to those of her primary position as

_____

     [1] Court Administrator; Chief Justice of the Probate and
Family Court Department of the Trial Court; and Register of the
Berkshire Division of the Probate and Family Court Department of
the Trial Court.

     [2] The statute provides:  "The register of the Berkshire
probate court may, with the approval of the chief justice of the
probate and family court, designate [one] employee as deputy
assistant register with the same powers as assistant register
and with the approval of the chief justice remove a deputy
assistant register.  The deputy assistant register shall receive
additional compensation of $6,000."

a judicial secretary, and she received additional compensation as required by the statute.  In 2015, the register requested the approval of the Chief Justice of the Probate and Family Court to remove Oggiani's designation, stating that her performance as deputy assistant register did not meet his expectations.[3] Oggiani objected and disagreed with the register's characterization of her performance, but the Chief Justice of the Probate and Family Court approved the register's request. Oggiani then asked the Chief Justice of the Trial Court and the Court Administrator to review the decision.[4]  They responded that the decision was final.

The single justice did not abuse his discretion or commit an error of law by denying Oggiani's petition for relief in these circumstances.[5]  Under the plain language of G. L. c. 217, § 29D, a register has the authority to designate and remove a deputy assistant register.  These appear to be discretionary decisions for the register to make, subject only to the approval of the Chief Justice of the Probate and Family Court.[6]  The statute does not state that a register must establish good cause

---

[3] The register sought only to remove the designation of deputy assistant register.  Oggiani continues to serve in her primary position as a judicial secretary.

[4] This might have been an attempt to appeal pursuant to G. L. c. 217, § 2, first par. (concerning disputes between first justice and register over management of register's office; "Any person aggrieved by a decision of a chief justice under this paragraph may appeal said decision to the chief justice of the trial court . . . .").  We need not decide whether that statute applies in any way to a removal decision pursuant to G. L. c. 217, § 29D.

[5] In denying relief, the single justice bypassed the question whether it was appropriate to invoke this court's superintendence power under G. L. c. 211, § 3, to seek review of a personnel decision in the trial court.  We need not reach that issue today, particularly as the respondents do not identify any other remedy that might have been available to Oggiani.

[6] At the time Oggiani was designated as the deputy assistant register, G. L. c. 217, § 29D, permitted the register to "revoke any such designation at pleasure."  See St. 1993, c. 110, § 223. In 2006, the statute was amended to require the approval of the Chief Justice of the Probate and Family Court, thereby placing a check on the register's discretion.  See St. 2006, c. 270, § 3.

-- or indeed, any reason at all -- for removal.  This is not a case where the employee alleges that her designation was removed on an improper basis such as race or gender discrimination under G. L. c. 151B, in violation of any public policy, or without good faith.  She only disagrees with the register's assessment of her performance of her duties as deputy assistant register.  Where the register had the approval of the Chief Justice of the Probate and Family Court, however, he had the authority to remove Oggiani's designation based on his own assessment.

Moreover, the statute does not prescribe a formal hearing or any other type of formal process before a deputy assistant register's designation can be removed.  Oggiani's assertion that she has been deprived of due process is unsupported by any authority and does not rise to the level of adequate appellate argument.  See Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975).  We therefore need not consider it.  In any event, "'[p]rocedural due process protections,' such as the right to a hearing, 'are only triggered when a liberty or property interest is at issue.'"  Hoffer v. Board of Registration in Med., 461 Mass. 451, 454 (2012), quoting Hudson v. Commissioner of Correction, 431 Mass. 1, 7 (2000).  Oggiani has not shown that she had a protected liberty or property interest in her continued designation as deputy assistant register, where that designation was subject to removal by the register with the approval of the Chief Justice of the Probate and Family Court.  The single justice properly denied relief.

Judgment affirmed.

Joan E. Oggiani, pro se.
Carrie Benedon, Assistant Attorney General, for the respondents.