NOTICE: All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports. If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12242


MICHAEL L. LANGAN vs. BOARD OF REGISTRATION IN MEDICINE.


June 13, 2017.


Board of Registration in Medicine. Doctor, License to practice
medicine. Practice, Civil, Action in nature of certiorari.


Michael L. Langan appeals from a judgment of the county
court denying his petition for relief in the nature of
certiorari from a decision of the Board of Registration in
Medicine (board). We affirm.

Background. Langan is a board-certified physician in
geriatrics and internal medicine. In 2008, after he had tested
positive for various controlled substances, he and the board
entered into a letter of agreement, under which he agreed to
certain conditions in order to continue practicing medicine,
including refraining from the use of alcohol and controlled
substances without a prescription and submitting to substance
use monitoring by Massachusetts Physician Health Services (PHS).
The letter of agreement provided that violating its terms would
"constitute sufficient grounds for the immediate suspension of
[Langan's] license," and that Langan had a right to an
adjudicatory hearing as to any violation found by the board.

After Langan entered into the letter of agreement, PHS
reported three positive tests, at low levels, for ethyl
glucuronide (EtG) and ethyl sulfate (EtS), two alcohol
biomarkers. The board took no action at that time. In June and
July, 2011, however, Langan tested positive for the same
biomarkers, at higher levels.[1] As a result of these positive

_____

[1] In addition, in July, 2011, a test for a different
biomarker, phosphatidylethanol, came back positive. This test,

tests, PHS requested that Langan undergo an inpatient evaluation, and the board asked him to enter into a voluntary agreement not to practice pending completion of such an evaluation. Langan refused at first, causing the board to find him in violation of the letter of agreement. Langan then underwent the inpatient evaluation in September, 2011.

On February 1, 2012, Langan, represented by counsel, signed an addendum to his letter of agreement requiring, in particular, that he "participate in a minimum of three (3) 12-step meetings per week" and "submit proof of said participation to PHS." In October, 2012, PHS reported that Langan had misrepresented attending meetings. In November, 2012, Langan again tested positive for EtS and EtG. Langan entered into a voluntary agreement not to practice and was asked to produce documentation that he had attended all required meetings. He did not do so, and in February, 2013, the board determined, based on all the documentation before it, that Langan was in violation of his letter of agreement for the second time. The board therefore suspended his license. The 2013 order of suspension provided that any stay of the suspension would be contingent on an independent psychiatric examination, a worksite monitoring plan, and a substance abuse monitoring plan. Langan did not exercise his right to obtain review of the 2013 order.

In 2014, Langan petitioned the board for a stay of his suspension. By that time, he had undergone a psychiatric examination by a board-approved evaluator, who provided a favorable evaluation. However, he failed to submit the necessary worksite and substance use monitoring plans. The board denied Langan's petition, reaffirmed his suspension, and stated that he could file a new petition "upon submission of proof of abstinence from alcohol and controlled substances for twelve consecutive months." Langan filed a petition in the county court seeking relief in the nature of certiorari under G. L. c. 249, § 4.[2] See Hoffer v. Board of Registration in Med.,

---

however, was tainted by a chain of custody issue and played no part in the board's decisions.

[2] Langan also requested relief under G. L. c. 211, § 3. Such relief was denied on the ground that Langan had an adequate remedy under G. L. c. 249, § 4. In addition, our superintendence power under G. L. c. 211, § 3, extends only to the lower courts of the Commonwealth, and not to executive branch bodies such as the board.

461 Mass. 451, 458 (2012) (G. L. c. 249, § 4, provides avenue of relief from board decision not to reinstate license).  That petition was dismissed as untimely, having been filed more than sixty days after the board's decision.  Langan did not appeal from the judgment of dismissal.

Finally, on January 15, 2015, Langan again petitioned the board for a stay of his suspension.  He did not include any records, such as test results, demonstrating that he had abstained from alcohol and controlled substances.  He also did not include worksite and substance use monitoring plans, as required by the 2013 order as a condition of reinstatement.  The board again denied Langan's petition and reaffirmed the suspension of his medical license.  Langan timely filed his petition for relief under G. L. c. 249, § 4, which was denied by a single justice of this court.[3]  Langan now appeals from that judgment.

Discussion.  The board's decision denying Langan's reinstatement to his chosen profession is reviewable under G. L. c. 249, § 4, the certiorari statute.  Hoffer, 461 Mass. at 458.  Certiorari is a "limited procedure reserved for correction of substantial errors of law apparent on the record created before a judicial or quasi judicial tribunal."  Indeck v. Clients' Sec. Bd., 450 Mass. 379, 385 (2008), quoting School Comm. of Hudson v. Board of Educ., 448 Mass. 565, 575-576 (2007).  "[T]he proper standard of review under the certiorari statute is flexible and case specific, but . . . as with review under G. L. c. 30A, § 14, the disposition must ultimately turn on whether the agency's decision was arbitrary and capricious, unsupported by substantial evidence, or otherwise an error of law."  Hoffer, supra at 458 n.9.  Moreover, "[t]he board has broad authority to regulate the conduct of the medical profession, . . . which authority includes its ability to sanction physicians for conduct which undermines public confidence in the integrity of the medical profession."  Sugarman v. Board of Registration in Med., 422 Mass. 338, 342 (1996), citing Kvitka v. Board of Registration in Med., 407 Mass. 140, cert. denied, 498 U.S. 823

_____

[3] In connection with the proceedings before her, the single justice encouraged the parties to settle on terms of reinstatement and gave them a sixty-day period to attempt to do so.  Contrary to Langan's suggestion, the single justice did not and could not "order" the parties to settle.  When the parties were unable to reach an agreement, she quite properly proceeded to rule on Langan's petition.

(1990). In reviewing the board's decision, we defer to its expertise. Sugarman, supra at 347.

As Langan made no timely challenge to the 2013 order suspending his license or to the 2014 order denying a stay of the suspension, the sole issue before the single justice was the propriety of the board's 2015 order. In that order, the board found that Langan failed to fulfil the conditions of reinstatement expressly set forth in the 2013 and 2014 orders: submission of a worksite monitoring plan, submission of a substance use monitoring plan, and proof of abstinence from alcohol and controlled substances for twelve consecutive months. As a result, the board concluded that Langan had not demonstrated his sobriety and fitness to practice medicine. The board's findings are amply supported by the evidence, and its 2015 order denying a stay and reaffirming the suspension is well within its broad discretion to regulate the conduct of the medical profession.

Langan's arguments on appeal are unavailing. Langan alleges that the chain of custody error in a July, 2011, phosphatidylethanol (PEth) test was the result of deliberate fraud.[4] See note 1, supra. That is a serious and disturbing charge, but one that is not substantiated in the record. Moreover, the PEth test results formed no part of the basis for any of the board's decisions in this matter. Langan was suspended for misrepresenting his attendance at twelve-step support group meetings, not for failing the PEth or any other test, and he was denied reinstatement for failing to fulfil the conditions thereof.

Langan also argues that his rights under the establishment clause of the First Amendment to the United States Constitution were violated by the requirement that he attend twelve-step support group meetings. Even assuming that such support groups are religiously based, his argument fails for several reasons. Langan voluntarily agreed to attend meetings when he signed the 2012 addendum to the letter of agreement; the requirement was not unilaterally imposed by the board. Langan did not timely challenge the suspension. Moreover, the board's 2015 decision makes it clear that Langan would have been permitted to attend a

---

[4] On a related point, Langan argues that the board violated G. L. c. 112, § 5, by failing to investigate his charges of fraud at PHS. He did not raise this issue before the single justice, and in any event, the board's action or inaction on any other complaint provides him with no defense.

secular support group if he had so requested.  Finally, and most importantly, the 2015 decision, which is the only one properly before us, was not based on Langan's failure to attend meetings, but on his failure to fulfil the conditions of reinstatement.

Because the board committed no error in denying Langan's petition to stay his suspension, the single justice properly denied relief in the nature of certiorari.[5]

<u>Judgment affirmed</u>.

<u>Michael L. Langan</u>, pro se.
<u>Bryan F. Bertram</u>, Assistant Attorney General, for the Board of Registration of Medicine.

---

[5] We recommend that the board provide Langan with model worksite and substance use monitoring plans if it has not already done so.