NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

19-P-1063                                    Appeals Court

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 6969  vs.  SEX
OFFENDER REGISTRY BOARD.

No. 19-P-1063.

Plymouth.      December 23, 2020. – May 10, 2021.

Present:  Rubin, Neyman, & Ditkoff, JJ.


Sex Offender.  Sex Offender Registration and Community
     Notification Act.  Administrative Law, Hearing, Rehearing,
     Proceedings before agency, Adjudicatory proceeding,
     Judicial review, Agency's authority.  Due Process of Law,
     Sex offender, Hearing, Administrative hearing, Assistance
     of counsel.  Practice, Civil, Sex offender, Assistance of
     counsel, Self-representation.  Jurisdiction, Sex offender,
     Administrative matter.  Waiver.



     Civil action commenced in the Superior Court Department on
June 26, 2018.

     A motion to dismiss was heard by Elaine M. Buckley, J.


     Xiomara M. Hernandez for the plaintiff.
     David L. Chenail for the defendant.

DITKOFF, J.  The plaintiff, John Doe,[1] appeals from the judgment of a Superior Court judge dismissing Doe's appeal from the decision denying his motion to vacate his classification as a level three sex offender and to afford him a new hearing because he was improperly denied counsel.  Concluding that Doe properly challenged this denial under G. L. c. 30A, § 14, we vacate the judgment of dismissal.  Agreeing with the Superior Court judge's alternative holding that the Sex Offender Registry Board (SORB) did not abuse its discretion in denying the motion to vacate, we remand for the entry of a judgment affirming SORB's decision.

1.  Background.  In May 1983, when Doe was approximately fourteen years old, he was adjudicated delinquent by reason of indecent assault and battery, G. L. c. 265, § 13B, for a sexual assault on a three year old girl.  In June 2000, he admitted to sufficient facts of assault and battery, G. L. c. 265, § 13A, arising from an incident in which he tried to make an adult woman masturbate him.  In June 2003, he pleaded guilty to open and gross lewdness, G. L. c. 272, § 16, for entering the bedroom of a ten year old girl and masturbating in front of her.

In September 2004, after SORB notified Doe that he had been preliminarily classified as a level three sex offender, Doe

---

[1] A pseudonym.

requested a hearing to challenge the classification, checking the box on the form he sent to SORB indicating that he was indigent and requesting the appointment of an attorney.  Doe also filled out the affidavit of indigency in support of his request for an attorney.  In October 2004, SORB sent a request to Doe to provide a "copy of [his] most recent pay stub" to substantiate his eligibility for an appointed attorney.  The form indicated, in bold text, that "[f]ailure to provide appropriate documentation (as checked off above) will result in denial of your request for a free appointed attorney."  In November 2004, SORB mailed Doe a second notice to provide a "copy of [his] most recent pay stub."  This form indicated, in capital, bold, and underlined text, "failure to respond to this notice within ten (10) days will result in a denial of your indigency request and your case will be scheduled for hearing." In December 2004, SORB mailed Doe a notice stating that he was "found ineligible for appointment of counsel" because "[n]o documentation [was] received," and informing him that a classification hearing would be scheduled.

On April 1, 2005, Doe's classification hearing was held. At the start of the hearing, the hearing examiner stated to Doe, "You're here without an attorney today," to which Doe responded in the affirmative.  Recognizing that Doe, in his hearing

request form, "indicated [he was] indigent and . . . requested the appointment of an attorney," the hearing examiner stated:

> "[F]or whatever [sic], you went back and forth with the Sex Offender Registry Board and you [were] determined either not to be indigent or a lawyer was not appointed to represent you. I don't know the circumstances why. I'm sure it's in the file here at some point but you're here today without an attorney. And I'm now going to give you this waiver of counsel and authorization representative form indicating that you read it, please, and then sign it where it says signature, if you so wish. You don't have to, that you had the right to have an attorney appointed to represent you if you were indigent. You could have retained your own attorney. You could have had an authorized representative, friend, brother, sister, whatever, to represent and act as an attorney on your behalf.
>
> "Without that being done beforehand, you're appearing today, knowing you had a right to have a lawyer and are going to proceed without an attorney."

Doe signed the waiver of counsel form and proceeded without the representation of an attorney throughout the hearing. At the conclusion of the hearing, the examiner told Doe that he had a right to seek judicial review of the decision in the Superior Court, and that "[a]t the back of the decision, there will also be information about that hearing process, because that will be another process, brand new process if you so wish."

In a decision dated May 16, 2005, SORB notified Doe that he had been classified as a level three sex offender.[2] In support

---

[2] The decision contained a notice informing Doe, "If you are aggrieved by this decision, you may seek judicial review pursuant to G. L. c. 30A, s. 14 and 803 CMR 1.26 by filing a civil action in Superior Court within thirty (30) calendar days

of his decision, the hearing examiner considered the nature of Doe's sex offense as a juvenile against a vulnerable three year old victim, the fact that that offense took place in public, his failure to benefit from meaningful sex offender treatment as a juvenile, his reoffenses as an adult against both an adult and a child extrafamilial victim while on community supervision, his lengthy criminal history, and his substance use history. He also considered the mitigating factors that Doe was in sex offender treatment and performing well, that his sex offense adjudication was dated, that he was on strict community supervision, and that he presently had a stable living environment.

On May 23, 2018, about thirteen years later, Doe filed a motion to vacate his final classification with an attached affidavit. In his affidavit, Doe stated he was "under the impression that [an attorney] would be present at the hearing to represent [him]."[3] Doe explained, "Up until now I haven't requested a new hearing because I didn't know how to go about

---

of your receipt of this decision." The notice gave the details of where to file an application for judicial review and how to serve the application on SORB.

[3] Doe stated, "The person at the hearing slid a paper in front of me and told me to 'sign this' and we can get started. . . . I wasn't informed it was a waiver of counsel." He further explained that, if he had known he was not eligible for an attorney through SORB, he would have retained one himself.

doing it. I overheard someone talking about them getting their level lowered.[4] I asked them how they did it and they said to contact C.P.C.S. [the Committee for Public Counsel Services] and request an attorney be appointed to represent me."

If he had an attorney present at the hearing, Doe stated, he would have made sure the attorney called attention to the fact that his juvenile "case [was] over twenty years old at the time and the closest case to the hearing date is an [o]pen and [g]ross which is a no-hands-on charge." He also alleged that his aunt was present at the hearing to testify, but that the "board representative" said, "[S]he can't come into the meeting." Doe stated that, if he had had an attorney present, the attorney could have ensured that the aunt would be allowed to testify on his behalf, which could have lowered his classification level. Doe did not describe the nature of the aunt's testimony or explain why that testimony would have been helpful to him.

A SORB hearing examiner denied Doe's motion. Doe filed a timely complaint for judicial review in Superior Court under G. L. c. 30A, § 14, of SORB's decision denying his motion to vacate his final classification. In response, SORB filed a

---

[4] Apparently, he overheard this at the Massachusetts Treatment Center. Subsequent to the hearing, Doe pleaded guilty to two counts of indecent assault and battery on a child, and he was adjudicated a sexually dangerous person, G. L. c. 123A, § 1.

motion to dismiss for want of subject matter jurisdiction.  In
the alternative, SORB requested judgment on the pleadings.  A
Superior Court judge allowed SORB's motion to dismiss.  In the
alternative, the judge stated that Doe did not state a valid
reason for his delay in filing the motion and that Doe was not
prejudiced by the lack of counsel at the hearing.  This appeal
followed.

2.  Standard of review.  "To determine the validity of an
agency's decision, the reviewing court must determine whether
the decision is supported by substantial evidence."  Doe, Sex
Offender Registry Bd. No. 523391 v. Sex Offender Registry Bd.,
95 Mass. App. Ct. 85, 88 (2019) (Doe No. 523391), quoting Doe,
Sex Offender Registry Bd. No. 356011 v. Sex Offender Registry
Bd., 88 Mass. App. Ct. 73, 76 (2015) (Doe No. 356011).  "The
decision may only be set aside if the court determines that the
decision is unsupported by substantial evidence or is arbitrary
or capricious, an abuse of discretion, or not in accordance with
law."  Doe No. 356011, supra, quoting Doe, Sex Offender Registry
Bd. No. 10216 v. Sex Offender Registry Bd., 447 Mass. 779, 787
(2006) (Doe No. 10216).  In our review of an agency's decision
for an abuse of discretion, we consider "whether the decision
was reasonable."  Doe, Sex Offender Registry Bd. No. 209081 v.
Sex Offender Registry Bd., 478 Mass. 454, 457 (2017) (Doe No.
209081).  "An appeal from a SORB classification decision is

confined to the administrative record." Doe No. 523391, supra. "We 'give due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it.'" Doe No. 356011, supra, quoting Doe No. 10216, supra. "We review a judge's consideration of an agency decision de novo." Doe No. 523391, supra at 89.

3. Subject matter jurisdiction. Under G. L. c. 30A, § 14, a petitioner may request judicial review of a final decision of an agency, so long as the decision resulted from an adjudicatory proceeding. See School Comm. of Hudson v. Board of Educ., 448 Mass. 565, 577 (2007). Accord Desrosiers v. Governor, 486 Mass. 369, 387 (2020). General Laws c. 30A, § 1, defines an adjudicatory proceeding as "a proceeding before an agency in which the legal rights, duties or privileges of specifically named persons are required by constitutional right or by any provision of the General Laws to be determined after opportunity for an agency hearing."

SORB argues that we lack subject matter jurisdiction because "neither the Sex Offender Registry Law nor [SORB]'s regulations provide an offender with a mechanism to vacate a final classification." We reject this proposition. It has long been established that an administrative agency has the authority to reopen an adjudicatory proceeding. "In the absence of

express or perceived statutory limitations, administrative agencies possess an inherent power to reconsider their decisions." Stowe v. Bologna, 32 Mass. App. Ct. 612, 615 (1992), S.C., 415 Mass. 20 (1993). Accord Aronson v. Brookline Rent Control Bd., 19 Mass. App. Ct. 700, 703-706 (1985). SORB "has inherent authority to reopen a classification proceeding and reconsider its decision at any time, by motion of the sex offender or by [SORB]'s own motion." Doe No. 209081, 478 Mass. at 457. Accord Soe, Sex Offender Registry Bd. No. 252997 v. Sex Offender Registry Bd., 466 Mass. 381, 395-396 (2013) (Soe). Among the possible reasons that SORB may decide to reconsider an offender's classification level, it may do so "to prevent or mitigate a miscarriage of justice." Doe No. 209081, supra.

In Doe No. 209081, the Supreme Judicial Court reviewed SORB's denial of a request to reopen a classification hearing under c. 30A after six years, acknowledging that it had jurisdiction to decide whether SORB abused its discretion in declining to reopen the hearing, but not "to review the classification decision itself." Doe No. 209081, 478 Mass. at 455 n.1. Similarly, in Soe, 466 Mass. at 394-396, the Supreme Judicial Court held that SORB had the inherent authority, despite the absence of a statute or regulation permitting consideration of such a motion, to reopen a classification proceeding to prevent or mitigate a miscarriage of justice.

Accordingly, SORB had the legal authority to reopen Doe's classification proceeding to mitigate a miscarriage of justice, which could in proper circumstances arise from the mishandling of the appointment of counsel.

SORB's denial of Doe's motion to vacate his final classification was a decision in an adjudicatory proceeding within the meaning of G. L. c. 30A, § 14.  The gravamen of Doe's motion was that his classification was improper and that SORB was required, as a matter of due process, to provide him with an agency hearing at which he would be represented by counsel to determine his proper classification.  It would be a strange reading of G. L. c. 30A, § 14, to conclude that it allows an agency, merely by wrongly denying a person an agency hearing, to immunize its decision from judicial review.  Like the Supreme Judicial Court in Doe No. 209081, 478 Mass. at 457 & n.6, we do not read the statute that way.  Accordingly, review of the denial of Doe's motion to reopen the classification hearing is proper under G. L. c. 30A, § 14.

The case relied upon by SORB, Hoffer v. Board of Registration in Med., 461 Mass. 451, 454-456 (2012), is not to the contrary.  There, id. at 451, the Supreme Judicial Court considered whether the denial of a physician's petition to reinstate her medical license was an adjudicatory proceeding for the purposes of judicial review under G. L. c. 30A, § 14.  The

court noted that there is "no statute that would have required the board to grant [the plaintiff] a hearing on her petition for reinstatement," and that she did not have a "sufficiently certain expectancy in the reinstatement of her medical license that the denial of her petition constituted a deprivation of a constitutionally protected property interest."  Hoffer, supra at 454, 455-456.  Accordingly, because she had "neither a statutory nor a constitutional right to a hearing on her petition for reinstatement, the board's order was not the result of an 'adjudicatory proceeding.'"  Id. at 456.[5]  Nothing in Hoffer suggested that the denial of a motion to reopen the decision to indefinitely suspend the physician's license would not have been reviewable.

We repeat what the Supreme Judicial Court stated three years ago -- review of a decision denying a motion to reopen a sex offender's classification "should be resolved through a motion for judgment on the pleadings rather than a motion to dismiss the plaintiff's claim."  Doe No. 209081, 478 Mass. at 457 n.6.  Accordingly, the judge erred in allowing SORB's motion to dismiss.

4.  Denial of the motion to vacate.  "[I]n general, administrative agencies have broad discretion over procedural

_____

[5] The court nonetheless held that review was possible by certiorari.  Hoffer, 461 Mass. at 456-458.

aspects of matters before them."  Doe No. 209081, 478 Mass. at 457, quoting Zachs v. Department of Pub. Utils., 406 Mass. 217, 227 (1989).  "An agency's inherent power to reopen proceedings 'must be sparingly used if administrative decisions are to have resolving force on which persons can rely.'"  Doe No. 209081, supra at 457-458, quoting Soe, 466 Mass. at 395.  SORB should weigh several factors in consideration of a motion to reopen a classification hearing, including "the advantages of preserving finality, the desire for stability, the degree of haste or care in making the first decision, timeliness, and the specific equities involved."  Doe No. 209081, supra at 458.  The agency must also consider "the specific context of the circumstances presented and statutory scheme involved."  Id.

In Doe 209081, 478 Mass. at 458, the Supreme Judicial Court determined that SORB did not abuse its discretion in denying the offender's petition to reopen his classification hearing.  The court there explained that, "although it [was] apparent that [SORB] failed to ensure that the [offender] knowingly and voluntarily waived his right to be represented by counsel at his classification hearing, the [offender] failed to articulate in any manner how he was prejudiced by the error."  Id.

Here, Doe's affidavit fails to articulate how he was prejudiced.  Doe stated that, if an attorney were present, he or she could have brought to the examiner's attention the facts

that Doe's juvenile case was more than twenty years old and that his latest offense, open and gross lewdness, was a no-contact offense. In his written decision, however, the hearing examiner explicitly considered the fact that Doe's juvenile case was dated and described the open and gross lewdness charge in a manner that makes it evident that the examiner was aware that it was a no-contact offense.

Doe also stated that, if he had had an attorney, his aunt would have testified on his behalf if she were allowed to participate at the hearing. At the hearing, however, the hearing examiner asked Doe if he had any witnesses that he wanted to call. Doe responded, "No, I have a family member that brought me up here." Doe further stated, "The person that I had as a witness in the open and gross lewdness case, I couldn't get ahold of him . . . . He's a counselor." Doe also mentioned in the hearing that he "had a hard enough time getting [his] aunt to come up here, to take a day off from work to pick [him] up here." From the record, it appears that Doe had an opportunity to call his aunt as a witness if he chose to do so.[6] Furthermore, Doe presented no indication what his aunt's

_____

[6] In his affidavit, Doe stated that he was told by the "board representative," after he stated that his aunt was there to testify, that she could not come into the hearing. Nonetheless, he did not ask for his aunt to testify on the record during the hearing when presented with the opportunity to call a witness.

testimony would have been and why it may have been helpful to him. See Commonwealth v. Ortega, 441 Mass. 170, 178 (2004) (ineffective assistance of counsel claim for failure to call witnesses unsuccessful as "defendant failed to show that the prospective witnesses' testimony would have contributed materially to his defense"); Commonwealth v. Collins, 36 Mass. App. Ct. 25, 30 (1994) (without affidavits from prospective witnesses, motion judge unable to determine "whether their testimony would likely have made a material difference"). Notwithstanding the fact that Doe filed an affidavit in support of his motion, he failed to "mention . . . specific facts or mitigating circumstances that, if represented by counsel, he would place before [SORB] at a reopened hearing that could lead it to reconsider its decision" (emphasis added). Doe No. 209081, 478 Mass. at 459.[7]

---

[7] We also observe, as did the Supreme Judicial Court in Doe No. 209081, 478 Mass. at 459, that Doe can petition for reclassification under 803 Code Mass. Regs. § 1.31(2)(a) (2016). Indeed, this alternative remedy provides more heft than it did in Doe No. 209081 because now the burden of proof in a reclassification hearing lies with SORB, not the offender. See Noe, Sex Offender Registry Bd. No. 5340 v. Sex Offender Registry Bd., 480 Mass. 195, 207 (2018). Although Doe must show changed circumstances to obtain a reclassification hearing, we are informed by SORB that the bar for showing changed circumstances is "very low" and that the mere passage of time generally qualifies. Indeed, SORB in its brief concedes that Doe is now entitled to such a hearing.

Finally, it bears mentioning that our decision in no way approves of the lax procedures utilized in 2005. "[T]he board is expected to follow its own regulations," Doe No. 209081, 478 Mass. at 460, and 803 Code Mass. Regs. § 1.09(5) (2016) provides that, if the offender decides to represent himself or herself at the classification hearing, the examiner must ensure "that he or she has been informed of his or her right to have representation and that he or she has knowingly and voluntarily waived that right." In 2017, the Supreme Judicial Court recommended that SORB continue its "current practice" of conducting a colloquy with the offender to ensure that his or her waiver is knowing, intelligent, free, and voluntary. Doe No. 209081, supra at 461. "[U]nder current practice, the board's hearing examiners must continue an offender's classification hearing if at any point during the hearing the offender determines that he or she would like to be represented by counsel, providing the offender with the opportunity to obtain counsel." Id.[8]

---

[8] At oral argument, counsel for SORB confirmed that this remains the current practice. He indicated that, when he (as hearing examiner) conducts these hearings, he personally explains the seriousness of the case, that the offender has the right to an attorney at any time, that if during the hearing the offender changes his or her mind and decides that he or she would like an attorney he (as hearing examiner) will stop the hearing, that if the offender cannot afford an attorney the offender will be given time to apply for one, and that he (as hearing examiner) would postpone the hearing for the offender to file that application. Counsel further noted that he goes through the colloquy as if it were a criminal case, asking the

Here, counsel for SORB rightfully conceded that such a colloquy did not happen. Although Doe signed the waiver of counsel form, it is evident that the hearing examiner did not explain to Doe that he had the opportunity to continue his hearing to retain an attorney. See Commonwealth v. Cote, 74 Mass. App. Ct. 709, 712-713 (2009) (waiver of counsel not knowing and intelligent where judge did not conduct colloquy with defendant nor did judge sign defendant's signed waiver of counsel form indicating that defendant was properly informed of right to counsel). On the contrary, the hearing examiner told Doe that he "could have retained [his] own attorney," but, "[w]ithout that being done beforehand, you're appearing today, knowing you had a right to have a lawyer and are going to proceed without an attorney." We expect we will not see such unmeticulous procedures in recent hearings. See Doe No. 209081, 478 Mass. at 455, 460.

5. Conclusion. The judgment is vacated, and the matter is remanded to the Superior Court for entry of a judgment affirming SORB's decision denying Doe's petition to reopen the classification hearing.

---

offender if the offender has consumed any drugs or alcohol, if there is anything that would cause the offender not to understand what the offender is doing, and if it is the offender's intent to go forward without an attorney. These all seem like exemplary practices.

<u>So ordered</u>.