NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-98

SHANNON DEOLIVEIRA & another[1]

vs.

BUILDING COMMISSIONER OF BILLERICA & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Shannon and Anthony DeOliveira (plaintiffs) appeal from the entry of summary judgment dismissing their claims in the nature of mandamus and certiorari. They argue, in essence, that summary judgment should not have entered where (1) their request for certiorari review was appropriate because two related civil cases do not provide a reasonably adequate remedy, and (2) their mandamus claim was not too broad or vague, and did not involve a discretionary function. We affirm.

_____

[1] Anthony DeOliveira.

[2] Zoning board of appeals of Billerica, director of public health of Billerica, and board of health of Billerica. These parties and the building commissioner are referred to collectively as "the defendants" herein.

Background.  We summarize the relevant facts, viewing "the evidence in the light most favorable to the party against whom summary judgment was entered" (citation omitted).  Williams v. Board of Appeals of Norwell, 490 Mass. 684, 685 (2022).

In 2015, the owner of a property abutting the plaintiffs' home (abutter) sought to construct an addition at his property including a two-car garage, upstairs family room, and connecting deck.  Both the plaintiffs' and the abutter's properties are situated within a flood plain.  Consequently, in order to undertake additions to his property, the abutter was required to obtain a variance from the town of Billerica's (town) board of health (BOH) pursuant to chapter 5, § 5.5.005 of the BOH rules and regulations (rules and regulations).  On May 4, 2015, the abutter obtained a variance allowing him to undertake the project which required, inter alia, all construction be in accordance with plans submitted for review and approval, all drainage and stormwater management structures be installed and functioning in accordance with design standards, installation of flood vents in the proposed garage addition "to allow for the entry and exit of flood waters," and prohibiting the abutter from backfilling stormwater drainage and infiltration systems until an inspection was performed by the BOH.  The abutter, however, failed to comply with various requirements of the

2

variance. Despite the abutter's failure to follow the variance requirements, there have been no repercussions from either the BOH or the town.

The plaintiffs claim that because the abutter's construction of the addition did not include required flood mitigation efforts, the addition altered drainage in the surrounding area, causing the plaintiffs to experience substantial flooding in their yard, which had not occurred in the past. On October 25, 2022, the plaintiffs submitted a request to the director of public health (director) seeking enforcement of the conditions of the variance. On November 28, 2022, after the director did not respond, the plaintiffs submitted an appeal to the BOH, which likewise did not respond. No formal hearing was held by either the director or the BOH.

The rules and regulations provide no right to appeal either the director's or the BOH's failure to respond to a resident's enforcement requests. Accordingly, on January 27, 2023, the plaintiffs filed a complaint in the Superior Court seeking relief in the nature of certiorari and mandamus under G. L. c. 249 §§ 4-5, to enforce the conditions of the variance and remediate flooding issues on their property. In addition, the plaintiffs had earlier filed two separate actions in the

3

Superior Court against the abutter and the town (pending actions) relating to the causes of flooding on the property.[3]

On April 3, 2024, the plaintiffs moved for summary judgment, and, on the same day, the defendants filed their opposition and cross motion for summary judgment. Following a hearing and review, the judge denied the plaintiffs' motion for summary judgment and allowed the defendants' cross motion. The judge reasoned that the plaintiffs' claim for certiorari review was not timely and that the two pending actions provided reasonably adequate remedies. The judge also found that mandamus relief was not appropriate because the regulations that

---

[3] "[J]udicial notice can be taken by trial and appellate courts" (citation omitted). Commonwealth v. Grinkley, 44 Mass. App. Ct. 62, 69 n.9 (1997). See Mass. G. Evid. § 201 (2025), and cases cited. In particular, "we may take judicial notice of the docket entries and papers filed in separate cases." Home Depot v. Kardas, 81 Mass. App. Ct. 27, 28 (2011). In one of the pending actions, the plaintiffs brought a claim under G. L. c. 249, § 5, to order the town to repair or replace a broken municipal drainpipe that runs underneath the plaintiffs' property to stop the continuance of flooding that it causes there. In the other pending action, the plaintiffs allege that the abutter's construction crushed or substantially damaged the drainpipe. The plaintiffs seek a writ of mandamus to command the town to repair or replace the pipe, an award of damages for the damage to, and loss of use of, their property, attorney's fees and costs, interest, and "other and further relief as [the court] may deem just and proper." In their case against the abutter, the plaintiffs claim private nuisance, negligent trespass, and negligence and seek an order commanding the abutter to "remedy any and all conditions causing harm to the Plaintiffs' property." The two cases were consolidated on May 17, 2024.

4

the plaintiffs sought to enforce were discretionary acts and because the relief they sought was too broad and vague. The plaintiffs filed a timely appeal.

Discussion. "The standard of review of a grant of summary judgment is whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to judgment as a matter of law" (citation omitted). Dorchester Mut. Ins. Co. v. Miville, 491 Mass. 489, 492 (2023). "We review decisions allowing summary judgment de novo" (citation omitted). Id.

1. Certiorari. The plaintiffs argue that the judge erred in concluding that their certiorari complaint was untimely and that other reasonably adequate remedies were available. They contend that the failure to hold a hearing should be treated as a quasi judicial hearing and that, because no hearing occurred, the limitations period did not begin to run. We disagree.

A civil action in the nature of certiorari under G. L. c. 249, § 4, is "to relieve aggrieved parties from the injustice arising from errors of law committed in proceedings affecting their justiciable rights when no other means of relief are open." Figgs v. Boston Hous. Auth., 469 Mass. 354, 361 (2014), quoting Swan v. Justices of the Superior Court, 222 Mass. 542, 544 (1916). "The scope of judicial review for an action in the

nature of certiorari under G. L. c. 249, § 4, is limited."

Retirement Bd. of Somerville v. Buonomo, 467 Mass. 662, 668

(2014).  The judge's role on certiorari review is to "examine

the record . . . and to 'correct substantial errors of law

apparent on the record adversely affecting material rights.'"

Doucette v. Massachusetts Parole Bd., 86 Mass. App. Ct. 531,

540-541 (2014), quoting Firearms Records Bur. v. Simkin, 466

Mass. 168, 180 (2013).  A plaintiff is entitled to certiorari

review of an administrative decision if he or she can

demonstrate the presence of three elements:  "(1) a judicial or

quasi judicial proceeding, (2) from which there is no other

reasonably adequate remedy, and (3) a substantial injury or

injustice arising from the proceeding under review" (citation

omitted).  Revere v. Massachusetts Gaming Comm'n, 476 Mass. 591,

600 (2017).  General Laws c. 249, § 4, requires that "[a] civil

action in the nature of certiorari . . . . shall be commenced

within sixty days next after the proceeding complained of."

We first consider whether the request for an agency action

constitutes a quasi judicial proceeding in the context of the

present case.  "In classifying an agency proceeding as quasi

judicial, we have looked to the form of the proceeding

reasonably performed by the agency, and the extent to which that

proceeding resembles judicial action."  Hoffer v. Board of

Registration in Med., 461 Mass. 451, 457 (2012), citing School Comm. of Hudson v. Board of Educ., 448 Mass. 565, 576 (2007). Here, there was no proceeding at all, and the plaintiffs cite no Massachusetts case law supporting the proposition that the absence of a judicial proceeding constitutes a proceeding reviewable under the certiorari statute.[4]  Nor is there any support for the proposition that the absence of a hearing makes their claim timely.  Indeed, there were no "unsworn statements by interested persons advocating or disapproving [a] proposed new policy" (citation omitted), nor adversarial presentation of opposing pleadings.  School Comm. of Hudson, supra.  There was nothing "resembl[ing] judicial action" in this case, thus, we cannot say there was either a judicial or quasi judicial

---

[4] The plaintiffs cite Revere, 476 Mass. at 602, for the proposition that "the category of quasi judicial proceedings recognized under Massachusetts law is flexible enough to include the matter at issue in this case."  We disagree.  That case involved a civil action brought against the Massachusetts Gaming Commission, alleging numerous defects in the commission's process for awarding a gaming license.  Id. at 594.  The Supreme Judicial Court concluded, in relevant part, that certiorari review of the gaming commission's licensing decision was available because the licensing hearing that was the subject of the challenge before the gaming commission constituted a quasi judicial proceeding.  Id. at 600-602.  The broad language in that case does not support the proposition that the absence of a judicial proceeding constitutes a quasi judicial proceeding subject to certiorari review.

7

proceeding.  Hoffer, supra.  Consequently, certiorari review is inappropriate here.[5]

2.  Mandamus.  The plaintiffs claim that the judge's denial of their request for relief in the nature of mandamus was erroneous because the judge wrongly concluded that the BOH regulations they sought to enforce were discretionary rather than mandatory.  We disagree.

A request for relief in the nature of mandamus pursuant to G. L. c. 249, § 5, is "a call to a government official to perform a clear-cut duty" (citation omitted).  Simmons v. Clerk-Magistrate of the Boston Div. of the Hous. Court Dep't, 448 Mass. 57, 59-60 (2006).  However, "a court may not compel performance of a discretionary act."  Lutheran Serv. Ass'n of New England v. Metropolitan Dist. Comm'n, 397 Mass. 341, 344 (1986).  "The law is clear that mandamus is only available to compel a government official to perform acts that do not involve a significant exercise of discretion."  Currence v. A.D. Makepeace Co., 106 Mass. App. Ct. 71, 84 (2025).

Here, the plaintiffs are attempting to compel a government enforcement proceeding.  Government enforcement proceedings

_____

[5] Even assuming arguendo that the plaintiffs had demonstrated the existence of a quasi judicial proceeding, we cannot say on the record before us that the two pending cases fail to provide a reasonably adequate remedy.

8

"historically ha[ve] been viewed as . . . a discretionary decision."  Currence, 106 Mass. App. Ct. at 84.  "In the absence of an alternative remedy, relief in the nature of mandamus is appropriate to compel a public official to perform an act which the official has a legal duty to perform."  Id. at 85, quoting Lutheran Serv. Ass'n of New England, 397 Mass. at 344.  Here, however, there is no clear directive in the regulations requiring the BOH to conduct enforcement.  Indeed, chapter 1, § 1.2.003(a) of the rules and regulations states:  "The Director of Public Health may issue administrative orders to affect Administrative Enforcement Actions."  Moreover, the penalties under § 1.19.002 of the rules and regulations provide:  "After a duly noticed hearing, the Board of Health may revoke or suspend, for just cause, any license, permit, variance . . . .  In addition, the Board of Health may enforce its rules and regulations using any other established means of enforcement . . . ."  The rules and regulations' use of discretionary language, such as "may," renders any agency enforcement action a

9

matter of discretion.  As the mandamus claim seeks to compel a discretionary act, it fails as a matter of law.[6]

Judgment affirmed.

By the Court (Neyman, D'Angelo & Allen, JJ.[7]),

*Paul Little*

Clerk

Entered:  February 2, 2026.

---

[6] Where we hold that the plaintiffs seek to compel discretionary action, we do not address the issue of whether their claim was too broad or vague.

[7] The panelists are listed in order of seniority.